UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

THOMAS E. BECKERING,                                  Case No. DG 09-07592
                                                      Hon. Scott W. Dales
                Debtor.                               Chapter 13
_____/

GEERLING MASONRY, INC.,

                Plaintiff,                            Adversary Proceeding
                                                      No. 09-80478
v.

THOMAS E. BECKERING,

                Defendant.
_____/


**OPINION AND ORDER**
**REGARDING DEFENDANT'S MOTION TO DISMISS**

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge


This matter is before the court on the Complaint (the "Complaint," DN 1) filed by Creditor-Plaintiff Geerling Masonry, Inc. to except from discharge a debt in the amount of $24,255.00 (the "Debt") that Chapter 13 Debtor-Defendant Thomas E. Beckering allegedly owes to the Plaintiff. The Plaintiff seeks to except the Debt from discharge under 11 U.S.C. § 523(a)(4) and (c). Rather than answering the Complaint, the Defendant filed a motion under Fed. R. Civ. P. 12(b)(6) [1] (the "Motion," DN 7), asserting that the Plaintiff's Complaint is time-barred under Rule 4007(c).

---

[1] In this opinion, the court will use "Rule __" to refer to the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, unless the context requires more specific citation.

The parties agree that the first date set for the meeting of creditors was July 20, 2009, and that the deadline prescribed in Rule 4007(c) for filing a complaint under 11 U.S.C. § 523(a)(4) was sixty days after that date, or September 18, 2009.  The parties also agree that the Plaintiff received actual notice of the deadline for filing the complaint, yet it did not file the Complaint until October 16, 2009, beyond the deadline established by Rule 4007(c).  So, it appears, but for any possible tolling of Rule 4007(c)'s deadline or application of 11 U.S.C. § 105, the Complaint should be dismissed as untimely.

The parties have directed the court's attention to Nardei v. Maughan (In re Maughan), 340 F.3d 337, 344 (6th Cir. 2003), where the Sixth Circuit held that Fed. R. Bankr. P. 4007(c) is a "statute of limitation -- or simply a deadline -- that is generally subject to the defenses of waiver, estoppel, and equitable tolling."  The Sixth Circuit approved a five-factor test for courts to consider when deciding whether to apply the doctrine of equitable tolling.  The factors are as follows:  "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." Id.

As for actual knowledge, the Plaintiff concedes that it received notice of the filing deadline at its usual place of business, and therefore had actual knowledge.  This actual knowledge renders it unnecessary for the court to consider constructive knowledge which, after all, is at most a proxy or substitute for actual knowledge.  As for the third factor, the record suggests, by way of argument rather than affidavit, that the Plaintiff's counsel was in contact with the Defendant's counsel and with the Trustee's counsel, suggesting diligence to some extent, but there is no suggestion that the Plaintiff ever attempted to timely file its Complaint or

extend the deadline for doing so under Rule 4007(c) and Rule 9006(b)(3). Admittedly, the relatively short delay in filing the Complaint -- four weeks after the deadline -- suggests that the Defendant would suffer little prejudice.

The final factor, the reasonableness of remaining ignorant of the notice requirement, does not really come into play here because, as noted above, the Plaintiff admits that it received notice of the filing deadline, and therefore was not ignorant of it. Rather, the Plaintiff's counsel candidly admitted her ignorance of the court's rules, reportedly premised on a prior decision of Chief Judge Gregg (construing an earlier version of Rule 4007 that has since been materially amended), and the Chapter 13 trustee's staff attorney's advice. See Plaintiff Geerling Masonry's Response to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) as Incorporated By Federal Rule of Bankruptcy Procedure 7012 ("Response," DN 10) at ¶ 5(c).

The court is not persuaded that equitable tolling would apply here, because equity does not seem warranted where the Plaintiff does not allege that the Defendant-Debtor somehow contributed to the untimeliness of the pleading. In Maughan, the Sixth Circuit noted the debtor's role in withholding documents as contributing to the untimely complaint. Maughan, 340 F.3d at 344 ("The record indicates that Nardei continually tried to get the documentation from Maughan, only to be misled by Maughan's promise that the information was forthcoming."); see also In re Hannen, 383 B.R. 683 (Bankr. N.D. Ohio 2008) (distinguishing Maughan) on this ground). Rather, the Plaintiff's arguments strike the court as more akin to arguing "excusable neglect" in failing to meet the deadline, rather than unjust action on the part of the debtor or some third party. Of course, the "excusable neglect" standard is not applicable to extend Rule 4007(c) under Rule 9006(b)(2), and in any event, is not usually satisfied by ignorance or misreading of

the federal rules.  <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 391 (1993) ("ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect").

Considering the <u>Maughan</u> factors, and finding nothing unfair about enforcing Rule 4007(c) as drafted, the court declines to exercise whatever discretion <u>Maughan</u> may afford to enlarge the deadline.

Finally, the court does not perceive a reason in this case to use its authority under 11 U.S.C. § 105(a).  Exercising that authority would only serve to undermine the deadline unambiguously prescribed in Rule 4007(c) and encourage ignorance or disregard of the Rules designed to bring about the "just, speedy, and inexpensive determination" of every bankruptcy case.  Fed. R. Bankr. P. 1001.  The drafters of Rule 4007(c) obviously believed that creditors must act quickly in deciding whether to sue to except certain debts from discharge, and they presumably prescribed a short deadline to accelerate a debtor's fresh start.  The court recognizes that the Debtor's discharge in this case must await plan completion, but nevertheless concludes that avoiding the consequences of the drafter's decision, without a stronger showing of equitable necessity, is not consistent with the Bankruptcy Code and other federal law under these circumstances.  *See* 28 U.S.C. § 2075.

NOW, THEREFORE, THE MOTION TO DISMISS (DN 7) IS GRANTED and the Clerk shall enter a separate judgment dismissing the adversary proceeding.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Brianna T. Scott, Esq., Attorney for Plaintiff and James R. Oppenhuizen, Esq., Attorney for Defendant.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: January 07, 2010**